IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SARA A. FETTER DYNASTY QSST TRUST U/A OCTOBER 31, 2018, by and through its Trustee, Sara A. Fetter, and SARA A. FETTER, <br><br>        Plaintiffs/Counterclaim Defendants, <br><br>  v. <br><br> FIDELITY AUTOMOTIVE, INC., (now known as Fetter Funds, Inc.), and MATTHEW D. FETTER, <br><br>        Defendants/Counterclaim Plaintiffs. | No. 4:23-cv-00019-SEB-KMB |

**DEFENDANTS' AMENDED COUNTERCLAIMS**

Defendants Fidelity Automotive, Inc. (now Fetter Funds, Inc.), and Matthew D. Fetter (collectively, the "Defendants"), by counsel, for their Amended Counterclaims, state the following:

**Jurisdiction**

1.  The Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. § 1332, because Defendants/Counterclaim Plaintiffs are citizens of Florida, Plaintiff/Counterclaim Defendant is a resident and citizen of Kentucky, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1367(a), because the Counterclaim is so related to

1

Plaintiffs' claims that it forms part of the same case or controversy under Article III of the United States Constitution.

## Venue

2.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the auto auction business whose sale gave rise to this action was located at some point in this judicial district.

## Parties

3.     Defendant/Counterclaim Plaintiff Fidelity Automotive, Inc. ("Fidelity") (now Fetter Funds, Inc. ("Fetter Funds")) is a Florida corporation with its principal place of business in Miramar Beach, Florida.

4.     Defendant/Counterclaim Plaintiff Matthew D. Fetter ("Matt") is a shareholder of Fetter Funds and serves as its Director and President.

5.     Matt is a Florida resident and resides in Miramar Beach, Florida.

6.     Plaintiff Sara A. Fetter Dynasty QSST Trust U/A October 31, 2018 ("Sara's Trust") is a Qualified Subchapter S Trust organized under the laws of the State of Kentucky.

7.     Plaintiff/Counterclaim Defendant Sara A. Fetter ("Sara") is the Trustee of Sara's Trust and a resident of Kentucky.

## Facts

8.     Fidelity was a subchapter S corporation organized under the laws of the State of Indiana. For approximately twenty one (21) years, Fidelity owned and operated an auto auction business located in Jeffersonville, Indiana.

9.     Matt and a dynasty trust for which he serves as trustee came to hold 70% of Fidelity's stock while Sara's Trust came to hold 30% of Fidelity's stock.

10. Matt served as a Director and President of Fidelity.

11. Sara served as a Director of Fidelity.

12. While a Director of Fidelity, Sara caused Fidelity to pay her an annual salary of approximately $70,000.

13. Sara accepted and received the $70,000 annual salary from Fidelity.

14. Sara was never involved in the day-to-day management of Fidelity, did not perform any services for Fidelity, and did not provide anything else of value to Fidelity in return for the annual salary that she received.

15. In or about September of 2021, Fidelity's assets were sold (the "Sale").

16. Sara voted in favor of the Sale.

17. In January 2022, Fidelity re-domesticated to Florida, changed its name to Fetter Funds, and filed its Florida articles of incorporation.

18. Matt and the dynasty trust for which he is trustee own 70% of Fetter Funds' stock, just as they held 70% of Fidelity's stock.

19. Sara's Trust likewise owns 30% of Fetter Funds' stock, just as it held 30% of Fidelity's stock.

20. Since the re-domestication to Florida, Matt continues to serve as a Director and President of Fetter Funds and Sara continues to serve as a Director of Fetter Funds.

21. Sara continues to receive an annual salary of approximately $70,000 from Fetter Funds.

22. Sara is not and has never been involved in the day-to-day management of Fetter Funds, does not and has never performed any services for Fetter Funds, and has not provided anything else of value to Fetter Funds in return for the annual salary that she receives.

23. Sara now seeks to undo and/or undermine the Sale and convert a portion of Fetter Funds' assets for her personal and/or other use. Specifically, Sara seeks to liquidate Sara's Trusts' stock ownership in Fetter Funds and deposit said money into Sara's Trust for her personal interest and benefit.

24. Sara seeks to deplete Fetter Funds' assets and her actions to date have depleted Fetter Funds' assets to the detriment of Fetter Funds, Matt, Matt's Trust, and Sara's Trust.

25. Sara's actions are contrary to and undermine her vote in favor of the Sale.

### Count I – Breach of Fiduciary Duty against Sara A. Fetter

26. Defendants/Counterclaim Plaintiffs incorporate by reference the allegations set forth in the above paragraphs of this Counterclaim as if fully stated herein.

27. As a Director and trustee of Sara's Trust, Sara owed fiduciary duties to Fidelity and Fetter Funds, and to Matt and Matt's Trust.

28. Due to her fiduciary relationship with Defendants/Counterclaim Plaintiffs, Sara had and has a duty to refrain from putting her personal interests over the interests of Fidelity and Fetter Funds and its shareholders in making decisions for them and evaluating opportunities.

29. Sara, as trustee of Sara's Trust, further had and continues to have an obligation to deal fairly, honestly, and openly with Fidelity, Fetter Funds, and the trust's fellow shareholders, including Matt and Matt's Trust.

30. By causing Fidelity and Fetter Funds to pay her an annual salary of approximately $70,000 and accepting such salary, Sara breached her fiduciary duties to Defendants/Counterclaim Plaintiffs because she has not provided any services or anything else of value in consideration for such salary.

31. As a result of Sara's breach, Defendants/Counterclaim Plaintiffs have been damaged in an amount equal to the total amount of salary paid to Sara for as long as she has been a Director and/or Sara's Trust has been a shareholder in Fidelity and Fetter Funds.

### Count II – Constructive Fraud against Sara A. Fetter

32. Defendants/Counterclaim Plaintiffs incorporate by reference the allegations set forth in the above paragraphs of this Counterclaim as if fully stated herein.

33. Sara owed fiduciary duties to Matt and Fetter Funds.

34. Sara violated her duties to Matt and Fetter Funds by remaining silent on her intent to attempt to liquidate thirty percent (30%) of Fetter Funds' assets when she voted in favor of the Sale.

35. Matt and Fetter funds justifiably relied upon Sara's silence.

36. Matt and Fetter Funds have been injured as a direct and proximate cause of the Sara's wrongful actions and breaches.

37. Sara undertook her actions and silence to gain an advantage at the expense of Matt and Fetter Funds.

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully request that the Court enter judgment as follows:

A. Awarding damages in favor of Defendants/Counterclaim Plaintiffs, in an amount to be determined at trial, plus pre- and post-judgment interest;

B. Awarding Defendants/Counterclaim Plaintiffs their reasonable attorneys' fees, expenses and costs; and

C. Granting Defendants/Counterclaim Plaintiffs all other proper relief.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants/Counterclaim Plaintiffs, Fetter Funds, Inc. and Matthew D. Fetter, hereby demand a trial by jury of all issues in the Complaint and their Counterclaim so triable.

    Respectfully submitted,

*/s/ Meaghan K. Haller*
Gregory A. Neibarger (22095-49)
Michael A. Dorelli (20862-49)
Meaghan K. Haller (29323-53)
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
P: (317) 635-8900
Greg.Neibarger@dentons.com
Michael.Dorelli@dentons.com
Meaghan.Haller@dentons.com

*Attorneys for Intervenor-Defendant Matthew D. Fetter, as Trustee of the Matthew D. Fetter Dynasty Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, the foregoing was filed and served via the Court's ECF system to all counsel of record.

*/s/ Meaghan K. Haller*
Meaghan K. Haller

*Attorney for Intervenor-Defendant Matthew D. Fetter, as Trustee of the Matthew D. Fetter Dynasty Trust*