UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SARA A. FETTER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MATTHEW D. FETTER, et al., )<br>)<br>Defendants. )<br>) | No. 4:23-cv-00019-SEB-KMB |

## ORDER ON MOTION TO INTERVENE

Defendant Matthew D. Fetter has filed a Motion to Intervene as Trustee for the Matthew D. Fetter Dynasty Trust ("Matt's Trust"). [Dkts. 45, 46.] Plaintiffs Sara A. Fetter and Sara A. Fetter Dynasty QSST Trust U/A October 31, 2018 ("Sara's Trust") object. [Dkt. 48.] For the reasons set forth below, the Court **GRANTS** the Motion to Intervene. [Dkt. 45.]

## BACKGROUND

This case centers around the sale of Fidelity Automotive, Inc. ("Fidelity"), and allegations that Mr. Fetter failed to comply with Indiana law and failed to distribute proceeds to Sara's Trust. [*See* dkt. 1-2.] Both Ms. Fetter and Sara's Trust are named Plaintiffs in the action. [*Id.*]

Mr. Fetter argues that he should be permitted to intervene as a matter of right "as the Trustee of Matt's Trust, which is the sole beneficiary of [Sara's Trust]." [Dkt. 46 at 1.] Both Matt's Trust and Sara's Trust were created by Mr. and Ms. Fetter's mother. [*Id.*] Mr. Fetter contends that "Sara's Trust designates Matt's Trust as its sole beneficiary if, upon [Ms. Fetter's] death, she has no living descendants. [Ms. Fetter] has no descendants. As a result, [Ms. Fetter's] fiduciary and other duties as Trustee run to Matt's Trust." [*Id.* at 1-2.] Mr. Fetter argues that he should be entitled to intervene because "if [Ms. Fetter] were granted the relief she seeks (liquidation of Sara's

Trust's investment in [Fidelity]), it would constitute a breach of her duties to Matt's Trust." [*Id.* at 2.]

Ms. Fetter and Sara's Trust object to the Motion. [Dkt. 48.] First, Plaintiffs argue that Mr. Fetter misstates Matt's Trust's interest in Sara's Trust, contending that he is a "remote contingent beneficiary" rather than the "sole beneficiary."[1] [*Id.* at 2.] Accordingly, as Ms. Fetter is a direct beneficiary, she has the sole discretion to distribute funds "without any interference from" Mr. Fetter. [*Id.*] Additionally, because Matt's Trust is a "remote contingent beneficiary," Plaintiffs argue that Mr. Fetter's interest is not "sufficiently direct and substantial" to establish the elements of intervention by right. [*Id.*] Plaintiffs further argue that Mr. Fetter, already a named Defendant, adequately represents Matt's Trust and intervention is therefore unnecessary. [*Id.* at 9-10.]

## **LEGAL STANDARD**

A non-party who seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) must file a timely motion satisfying three requirements: "(1) the applicant must claim an interest relating to the property or transaction which is the subject of the action, (2) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (3) existing parties must not be adequate representatives of the applicant's interest." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 391 (7th Cir. 2019). Such determinations are highly fact-specific, "making comparison to other cases of limited value." *Id.* (quoting *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). The requirement that the intervening party show lack of adequate

---

[1] Plaintiffs' full argument regarding the rights of Matt's Trust and Sara's Trust can be found on pages 3-6 of Plaintiffs' brief. [Dkt. 48 at 3-6.] Matt's Trust forcefully disagrees with Plaintiffs' arguments and their classification of its interest as a "remote contingent beneficiary." [Dkt. 54 at 1-4.] The Parties' respective rights under the various trusts need not be specifically determined for purposes of the present Motion, so the Court will not analyze those arguments any further.

2

representation by the existing parties requires only that the proposed intervenor "make a showing that the representation 'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).

## ANALYSIS

After considering the arguments of the Parties, the Court concludes that Mr. Fetter has satisfied the requirements of Federal Rule of Civil Procedure 24(a)(2) such that he should be entitled to intervene as a matter of right as Trustee for Matt's Trust. The Motion is timely, as the case is still in its relatively early stages, and the deadline for Parties to move to add parties and amend pleadings had not yet passed when the Motion was filed. [*See* dkt. 35 at 3; dkt. 45.] Mr. Fetter has shown that Matt's Trust has an interest relating to the property that is the subject of the action and that the disposition of this action may impair or impede his ability to protect that interest. Though the Parties disagree over the specific rights granted by the respective trusts, it is not disputed that Matt's Trust could be a beneficiary of Sara's Trust, which may be greatly impacted by the outcome of this litigation.

Finally, the Court cannot say that existing Parties would be adequate representatives of Matt's Trust's interests. As detailed in the Motion, those initially named as Defendants may be focused on defending against Ms. Fetter's allegations, whereas Matt's Trust may be focused on "the preservation and growth of Sara's Trust's assets for" its benefit. [Dkt. 46 at 5.] Mr. Fetter's inability to adequately represent the interests of Matt's Trust in his individual capacity is further and most persuasively demonstrated by the fact that Ms. Fetter filed this case on behalf of herself individually *and* on behalf of Sara's Trust. Though the interests of the individual Parties and their respective trusts may very well converge at times, there are circumstances in which their interests

may not be so aligned, as it appears Ms. Fetter recognized when she filed this action. Just as Ms. Fetter has chosen to proceed individually and as Trustee of Sara's Trust, the Court concludes that Mr. Fetter may also proceed both individually and as Trustee of Matt's Trust.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Intervene. [Dkt. 45.] The Clerk is **directed** to update the docket to reflect that "Matthew D. Fetter, as Trustee of Matthew D. Fetter Dynasty QSST Trust U/A October 31, 2018" is now an "Intervenor-Defendant" in this action. Matthew D. Fetter, as Trustee of Matthew D. Fetter Dynasty QSST Trust U/A October 31, 2018 is **ORDERED** to file the proposed complaint, [dkt. 46-1] within **5 days**.

**SO ORDERED.**

Date: 9/6/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael A. Dorelli
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
michael.dorelli@dentons.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
meaghan.haller@dentons.com

Gregory A. Neibarger
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
greg.neibarger@dentons.com

Seema Ramesh Shah
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sshah@boselaw.com

Dakota Christopher Slaughter
Bose McKinney & Evans LLP
dslaughter@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com